## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Ewe Group, Inc. d/b/a Sweet Hut Bakery & Cafe, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| The Bread Store, LLC d/b/a Sweet Talk Bakery & Cafe, | ) ) ) | |
| Defendant. | | |

## COMPLAINT FOR TRADEMARK AND TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION, DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Ewe Group, Inc. d/b/a Sweet Hut Bakery & Cafe ("Plaintiff") files this Complaint against Defendant The Bread Store, LLC d/b/a Sweet Talk Bakery & Cafe ("Defendant"), and alleges the following:

## NATURE OF ACTION

1.     This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, the Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.,* the Georgia Statute Prohibiting Use of Similar Trademarks and Unfair Competition, O.C.G.A. § 23-2-55, and the common laws of the State of Georgia.

2.     Plaintiff's claims are based on Defendant's infringing use of the confusingly similar marks SWEET TALK BAKERY & CAFE and SWEET TALK BAKERY & CAFE & Design in Plaintiff's immediate trading area in connection with virtually identical goods and services as Plaintiff, Defendant's copying of Plaintiff's distinctive restaurant trade dress, and the existence of actual confusion among consumers resulting from Defendant's infringement of Plaintiff's trademarks and trade dress.

## THE PARTIES

3.     Plaintiff is a Georgia corporation with a principal place of business located at 5150 Buford Highway, Suite 100A & 100B, Doraville, Georgia, 30340. Plaintiff's SWEET HUT BAKERY & CAFE restaurant is located at the same address.

4.     Defendant is a Georgia limited liability company with a principal place of business located at 2350 Parkside Walk, Marietta, Georgia, 30062. Defendant's SWEET TALK BAKERY & CAFE restaurant is located within this judicial district at 3675 Satellite Boulevard, Suite 720, Duluth, Georgia, 30096.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §§ 1331, 1338(a) and (b), and § 1367.

6.     Defendant's actions complained of in this Complaint have been and continue to be committed within the Northern District of Georgia.

7.     Defendant owns and operates a restaurant under the infringing name and trademark SWEET TALK BAKERY & CAFE within this judicial district. Some or all of the tortious acts of Defendant complained of in this Complaint, including without limitation, the marketing, offering for sale, and sale of restaurant services using a confusingly similar trademark to Plaintiff's SWEET HUT®, SWEET HUT BAKERY & CAFE, and SWEET HUT BAKERY & CAFE & Design marks, and the copying of Plaintiff's distinctive restaurant trade dress and other source-identifying attributes, have been and continue to be committed within this judicial district. These actions further have caused harm or are likely to cause harm to Plaintiff within this judicial district. Accordingly, personal jurisdiction exists over the Defendant.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(d).

## FACTS

### *Plaintiff's Marks and Trade Dress*

9.     Plaintiff opened its first SWEET HUT BAKERY & CAFE restaurant in April 2012, and has since become well known in Atlanta and the surrounding areas for offering unique and high quality Asian delicacies, desserts, bakery and

baked goods, and teas, among other dishes and drinks. In particular, Plaintiff specializes in Taiwanese baked goods and offers its goods and services in a modern, unique, and distinctive restaurant setting.

10. Plaintiff has enjoyed resounding success with its SWEET HUT BAKERY & CAFE restaurant and has been recognized by, among others, the City of Doraville as a model business and restaurant. Due to the success of the first location, Plaintiff has undertaken plans to open three more SWEET HUT BAKERY & CAFE restaurant locations, two of which are scheduled to open this year. The second location will be in Midtown Atlanta at 933 Peachtree Street, Suite 935, Atlanta, Georgia, and is set to open in September 2014. The third location will be in Duluth at 3180 Pleasant Hill Road, Suite A18, Duluth, Georgia 30091, and is currently scheduled to open in December 2014. For reasons explained below, the prospect of this Duluth location has been severely and negatively impacted by Defendant. The fourth location will be in Norcross, Georgia and is currently scheduled to open in early 2016.

11. Plaintiff has been using the marks SWEET HUT®, SWEET HUT BAKERY & CAFE, and SWEET HUT BAKERY & CAFE & Design (collectively referred to as the "SWEET HUT BAKERY & CAFE Marks") in connection with café, restaurant, and bakery services, as well as with bakery goods, since at least as

- 4 -

early as April 8, 2012.  Plaintiff owns common law rights in the SWEET HUT BAKERY & CAFE Marks for use in connection with café, restaurant, and bakery goods and services.

12.    Plaintiff owns U.S. Trademark Registration No. 4,382,937 on the Principal Register for the mark SWEET HUT® in connection with "Bakery products, namely, sweet bakery goods" in International Class 30.  The United States Patent and Trademark Office ("PTO") issued the SWEET HUT® Registration on August 13, 2013 based on use in interstate commerce beginning on April 8, 2012.  This Registration is valid and subsisting.  A true and correct copy of the Registration is attached as **Exhibit A**.

13.    Plaintiff owns a federal trademark application, U.S. Serial No. 86/297,689, for the mark SWEET HUT in connection with "Café, restaurant, and bakery services" in International Class 43.  The application is based on use in interstate commerce beginning on April 8, 2012, and the mark has been in continuous use since at least that date.  A true and correct copy of the TSDR status page, current as of the date of this complaint, is attached as **Exhibit B**.

14.    In addition to its SWEET HUT BAKERY & CAFE Marks, Plaintiff has established rights in its distinctive trade dress, specifically, its restaurant design elements which serve a source identifying function.  Plaintiff's trade dress consists

of the restaurant's layout and floor plan, its décor and related attributes, such as its faux dark wood ceramic floor tiles adjacent to white tile flooring, white wavy tiled walls behind booths and behind the counter, pink booths separated by a hanging divider, pendant lighting hanging over said booths and adjacent said divider, ceiling with fanciful arc design, its unique color schemes, its unique menu, the placement of its LCD menu boards above the counter and in front of white wavy tiled wall, and its packaging and promotional items (collectively referred to as the "Trade Dress").

15.    Plaintiff's Trade Dress is inherently distinctive, unique, and non-functional.

16.    For over two years, and long before Defendant entered the market, Plaintiff has continuously and exclusively used its distinctive Trade Dress as a designation of source for its goods and services.  Through Plaintiff's advertising, promotion, and sales, the Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade.  As a result, Plaintiff has developed and acquired valuable goodwill from its Trade Dress.

17.    Plaintiff's Trade Dress has acquired distinctiveness and secondary meaning through continuous and extensive use, advertising, promotion, sales, and

consumer recognition of the Trade Dress as a source identifier for Plaintiff's café, restaurant, and bakery goods and services.

18.    Plaintiff has invested a substantial amount of time and money in advertising and promoting its products and services under its SWEET HUT BAKERY & CAFE Marks and Trade Dress.

19.    Plaintiff's SWEET HUT BAKERY & CAFE Marks and Trade Dress have developed substantial goodwill as a result of Plaintiff's longstanding use and promotional efforts.

20.    Plaintiff adopted and began using the SWEET HUT BAKERY & CAFE Marks and Trade Dress in commerce over two years prior to Defendant's use of the substantially similar SWEET TALK BAKERY & CAFE mark and infringing trade dress.

### *Defendant's Infringing Activities*

21.    Defendant is infringing Plaintiff's SWEET HUT BAKERY & CAFE Marks by advertising, marketing, offering and selling café, restaurant, and bakery goods and services using the substantially and confusingly similar marks SWEET TALK BAKERY & CAFE and SWEET TALK BAKERY & CAFE & Design marks (the "SWEET TALK BAKERY & CAFE marks").

22.    Defendant is infringing Plaintiff's Trade Dress by incorporating many of the same, and in some cases identical, source identifying elements in its SWEET TALK BAKERY & CAFE restaurant, including the use of faux dark wood ceramic floor tiles adjacent to white tile flooring, white wavy tiled walls behind booths and behind the counter, pink booths separated by a hanging divider, pendant lighting hanging over said booths and adjacent said divider, ceiling with fanciful arc design, the same color schemes, a menu that is 80% identical to Plaintiff's menu, the placement of its LCD menu boards above the counter and in front of white wavy tiled wall, and virtually identical packaging.  Sample photographs depicting the substantial similarities between Plaintiff's and Defendant's restaurant design and elements are attached as **Exhibit C**, selected examples of which are reproduced below.


**Sweet Hut Counter**


**Sweet Talk Counter**



**Sweet Hut Wavy Tile Wall**   **Sweet Talk Wavy Tile Wall**

**Sweet Hut Arc Ceiling**   **Sweet Talk Arc Ceiling**

**Sweet Hut Cake Packaging**   **Sweet Talk Cake Packaging**

23.     Defendant's infringing trade dress incorporates the overall look, feel,

and impression of Plaintiff's Trade Dress and gives rise to a likelihood of

consumer confusion as to the source, sponsorship, relationship, or affiliation as between Plaintiff and Defendant.

24.    Defendant advertises, offers, and sells café, restaurant, and bakery goods and services under the SWEET TALK BAKERY & CAFE marks and infringing trade dress through at least various social media sites and related communications with customers, and directly through Defendant's SWEET TALK BAKERY & CAFE restaurant. (*See, e.g.,* **Exhibit D**).

25.    Such uses are without Plaintiff's consent, sponsorship or authorization, and infringe Plaintiff's SWEET HUT BAKERY & CAFE Marks and Trade Dress.

26.    Plaintiff has prior and superior rights in the SWEET HUT BAKERY & CAFE Marks and Trade Dress over Defendant.

27.    Defendant has filed two federal trademark applications, Serial Nos. 86177109 and 86177123, for the marks SWEET TALK BAKERY & CAFE and SWEET TALK BAKERY & CAFE & Design in connection with "Restaurant services, including sit-down service of food and take-out restaurant services" in International Class 43. A true and correct copy of the TSDR status pages for these applications, current as of the date of this complaint, are attached as **Exhibit E**.

28.    Plaintiff has requested extensions of time to file oppositions against Defendant's applications, which the Trademark Trial & Appeal Board has granted.

29.    As a result of the likelihood of confusion caused by Defendant's SWEET TALK BAKERY & CAFE marks, Defendant's trademark applications should be refused registration.

### *Defendant's Intentional Copying*

30.    Upon information and belief, Dino Chow is the owner of the SWEET TALK BAKERY & CAFE restaurant.

31.    In or around May 2013, Dino Chow applied for a position as an employee at Plaintiff's SWEET HUT BAKERY & CAFE restaurant.  Mr. Chow trained in Plaintiff's restaurant for two days before informing Plaintiff on June 2, 2013 that he was no longer interested in the position.

32.    During his training, Mr. Chow had full access to Plaintiff's restaurant design, menu, recipes, packaging, and other elements.  As a result, Mr. Chow was aware of Plaintiff's Marks and Trade Dress at least as early as May 2013.

33.    In or around March 2014, Plaintiff learned that Defendant purchased similar or identical bakery equipment from the same Taiwanese equipment company that Plaintiff uses, Supermax Equipment Industry Corporation, for use in its SWEET TALK BAKERY & CAFE restaurant.

34.    Soon thereafter, Plaintiff learned that many elements of Plaintiff's Trade Dress were being incorporated into the SWEET TALK BAKERY & CAFE restaurant.

35.    Upon information and belief, on or around April 2014, Defendant's contractor, Debao Construction Incorporated, visited the SWEET HUT BAKERY & CAFE restaurant at the direction of Mr. Chow and measured bakery cabinets and other elements in an apparent attempt to duplicate Plaintiff's cabinets and other design elements at the SWEET TALK BAKERY & CAFE restaurant.

36.    On or around June 4, 2014, Mr. Chow personally visited Plaintiff's new Midtown Atlanta restaurant, which is not yet open to the public, and asked representatives of Plaintiff's contractor numerous questions about the restaurant design.

37.    Defendant's menu contains over 80% similar or identical items as Plaintiff's menu.

38.    Upon information and belief, Defendant's activities have been specifically directed to the willful and blatant copying of Plaintiff's Marks and Trade Dress in a purposeful attempt to profit from the goodwill and reputation Plaintiff has established in its Marks and Trade Dress.

## *Plaintiff's Injury and the Public's Confusion*

39.    Defendant's SWEET TALK BAKERY & CAFE restaurant opened to the public on July 11, 2014.

40.    Since the opening of Defendant's restaurant, Plaintiff has received numerous inquiries from consumers either asking whether the SWEET HUT BAKERY & CAFE restaurant is affiliated with the SWEET TALK BAKERY & CAFE restaurant, or mistakenly confusing the two restaurants.  Such inquiries and incidents are increasing daily, and are direct evidence of actual confusion among the relevant public.

41.    On the opening day of the SWEET TALK BAKERY & CAFE restaurant, July 11, 2014, Plaintiff received a call from a customer asking for the telephone number of Plaintiff's "new Sweet Talk store" in Duluth, mistakenly referring to Defendant's restaurant.

42.    Even before the opening of Defendant's restaurant, and before Plaintiff erected a sign announcing the impending arrival of its new Duluth location, Plaintiff received inquiries from consumers asking when its Duluth location was opening, confusing Defendant's SWEET TALK BAKERY & CAFE restaurant with Plaintiff's SWEET HUT BAKERY & CAFE restaurant.

43.   On at least one occasion, a customer has placed an order with Defendant's SWEET TALK BAKERY & CAFE restaurant, but has mistakenly come to Plaintiff's SWEET HUT BAKERY & CAFE restaurant to pick up the order.

44.   Plaintiff has had individuals seek employment with its SWEET HUT BAKERY & CAFE restaurant, mistakenly assuming it to be the SWEET TALK BAKERY & CAFE restaurant.

45.   Members of the relevant consuming public have expressed repeated confusion as to whether Plaintiff's and Defendant's restaurants are affiliated, or have noted the striking similarity of Defendant's restaurant to Plaintiff's restaurant. Restaurant reviews have included consumer's impressions such as: "After that, we noticed that Sweet Talk looks really like Sweet Hut; from the roof to the floor! Their buns look exactly like the buns at Sweet Hut, and my DRINK too (Sweet Hut Milk Tea vs. Sweet Talk Milk Tea).  Wow, what a copycat!" and "A new bubble tea place in Satellite that is pretty much a replica of Sweet Hut on Buford Hwy."   Relevant screenshots from the popular restaurant review website www.yelp.com is attached as **Exhibit F**, highlighting the confusing similarities between the parties' restaurants.

46.     Defendant's restaurant has received largely negative reviews and feedback since its opening.  Such negative criticism has the immediate and likely impact of tarnishing Plaintiff's goodwill and reputation in its Marks and Trade Dress, due to the likely and actual confusion among the relevant consuming public.

47.     Plaintiff has acted diligently to enforce its trademark rights by sending Defendant a letter notifying Defendant of Plaintiff's rights in the SWEET HUT BAKERY & CAFE Marks and Trade Dress and requesting that Defendant stop using the infringing SWEET TALK BAKERY & CAFE mark and trade dress. Despite receiving notice of Plaintiff's trademark and trade dress rights, Defendant has refused to discontinue the use of the confusingly similar SWEET TALK BAKERY & CAFE mark and trade dress.

48.     Defendant's SWEET TALK BAKERY & CAFE marks are substantially similar in overall appearance, sound, and commercial impression to Plaintiff's SWEET HUT BAKERY & CAFE Marks, giving rise to a likelihood of consumer confusion as to the affiliation, connection, or association of Defendant with Plaintiff, as well as a likelihood of confusion as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.  Accordingly, consumer confusion is likely to result from Defendant's use of the SWEET TALK BAKERY & CAFE marks.

49.     Defendant's selection, adoption, and use of the confusingly similar SWEET TALK BAKERY & CAFE marks is a purposeful attempt to unfairly benefit from the long-standing goodwill and strong reputation that Plaintiff has developed in the SWEET HUT BAKERY & CAFE Marks.

50.     Defendant's infringing trade dress incorporates the same overall "look and feel" of Plaintiff's Trade Dress and gives rise to a likelihood of consumer confusion as to source, sponsorship, relationship, and affiliation as between Plaintiff and Defendant.

51.     Defendant uses the infringing trademark and trade dress in connection with the same or similar services and products in a similar environment so as to be likely to deceive the public into believing that such products and services are related to, connected with or sponsored by Plaintiff.  Indeed, Defendant has copied Plaintiff's entire restaurant décor and overall design, and offers a nearly identical menu of items as Plaintiff.

52.     Defendant targets the same or similar prospective customers through the same or similar advertising media including the internet.

53.     Plaintiff and Defendant distribute their goods and services through the same or similar channels of trade.

54.     Defendant has acted in bad faith by copying Plaintiff's Trade Dress, opening a nearly identical restaurant in the same trading area as Plaintiff under the confusingly similar mark SWEET TALK BAKERY & CAFE with the advance knowledge of Plaintiff's prior use of the SWEET HUT BAKERY & CAFE Marks and Trade Dress.  Upon information and belief, Defendant's use of the SWEET TALK BAKERY & CAFE marks and infringing trade dress has been willful and intentional, and represents a deliberate effort to trade on the goodwill developed by Plaintiff in its Marks and Trade Dress.

55.     Defendant's use of the infringing SWEET TALK BAKERY & CAFE mark and trade dress has, is now, and will continue to cause irreparable harm, damage and injury to Plaintiff.

56.     Defendant's use of the infringing SWEET TALK BAKERY & CAFE mark and trade dress has, is now, and will continue to cause confusion, deception, harm and injury to the public.

57.     Defendant's activities complained of herein are knowing, willful, and deliberate violations of Plaintiff's rights.

58.     Defendant's activities complained of herein have caused and will continue to cause injury to Plaintiff.

59.    Plaintiff has partial but incomplete and inadequate remedy at law. Unless such acts are restrained and enjoined by this Court, Defendant will continue to infringe upon Plaintiff's Marks and Trade Dress, and the resulting damage to Plaintiff will be substantial, continuing, and irreparable.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114 and 1125(a))

60.    Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

61.    Defendant has and had full knowledge and notice of Plaintiff's rights in the SWEET HUT BAKERY & CAFE Marks.  Defendant's infringing acts were commenced and have continued in spite of Defendant's knowledge that the use of the SWEET TALK BAKERY & CAFE marks directly infringes Plaintiff's SWEET HUT BAKERY & CAFE Marks.

62.    Defendant's use of the SWEET TALK BAKERY & CAFE marks is substantially and confusingly similar to Plaintiff's SWEET HUT BAKERY & CAFE Marks.

63.    Defendant is advertising, offering and selling nearly identical café, restaurant, and bakery goods and services under and through the substantially and confusingly similar mark SWEET TALK BAKERY & CAFE.  Such infringing

advertising, offers and sales are made through substantially similar sales and trade channels, and are targeted at the same or similar customers targeted by Plaintiff.

64.     Defendant's use of the mark and name SWEET TALK BAKERY & CAFE has caused, is causing and is likely to cause confusion, mistake, or deception among the relevant consuming public and trade.  In particular, consumers believe and will likely believe that Defendant's café, restaurant, and bakery goods and services are in some way associated, sponsored, or approved by Plaintiff, or that Defendant's café, restaurant, and bakery goods and services otherwise originate from the same source as Plaintiff's goods and services.

65.     Defendant's use of the SWEET TALK BAKERY & CAFE marks constitutes infringement of Plaintiff's SWEET HUT BAKERY & CAFE Marks in violation of 15 U.S.C. § 1114.

66.     Defendant's infringement has been willful and with the full knowledge of Plaintiff's trademark rights.

67.     Defendant's advertising, offers and sales of restaurant services in connection with the SWEET TALK BAKERY & CAFE marks, which is substantially and confusingly similar to Plaintiff's SWEET HUT BAKERY & CAFE Marks, constitute false designation of origin which has caused, is causing and is likely to cause confusion, mistake or deception as to origin, sponsorship or

approval of Defendant's services, in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

68.    Defendant's continuing acts of infringement have damaged and will continue to damage Plaintiff's sales, profits, goodwill and reputation.  Plaintiff is entitled to an award of all of its damages in an amount to be proved at trial.

69.    Defendant's actions demonstrate a willful and bad faith intent to trade on the goodwill associated with Plaintiff and its SWEET HUT BAKERY & CAFE Marks, to the irreparable injury of Plaintiff.

70.    Defendant's conduct has caused, is causing and is likely to cause substantial, immediate, and irreparable injury to the public and to Plaintiff. Plaintiff is without an adequate remedy at law and is entitled to temporary, preliminary, and permanent injunctive relief.

## COUNT II
## FEDERAL TRADE DRESS INFRINGEMENT
### (15 U.S.C. § 1125(a))

71.    Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

72.    Plaintiff's Trade Dress is inherently distinctive and has also acquired secondary meaning in the relevant marketplace among the consuming public.

Further, Plaintiff's Trade Dress is non-functional.  Accordingly, Plaintiff's Trade Dress constitutes protectable trade dress.

73.     Plaintiff's Trade Dress is protectable within the meaning of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prior to Defendant's conduct alleged herein.

74.     Defendant's use of Plaintiff's Trade Dress has caused, is causing, and is likely to cause confusion, mistake, and deception among the general purchasing public as to the origin of Defendant's café, restaurant, and bakery goods and services, and has caused, is causing, and is likely to cause confusion, mistake, and deception to the consuming public into believing that the goods and services offered and sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff, all to the detriment of Plaintiff's business reputation and goodwill.

75.     Defendant's continuing acts of infringement have damaged and will continue to damage Plaintiff's sales, profits, goodwill and reputation.  Plaintiff is entitled to an award of all of its damages in an amount to be proved at trial.

76.     Defendant' s actions demonstrate a willful and bad faith intent to trade on the goodwill associated with Plaintiff and its SWEET HUT BAKERY & CAFE Marks, to the irreparable injury of Plaintiff.

77.    Defendant's conduct has caused, is causing and is likely to cause substantial, immediate, and irreparable injury to the public and to Plaintiff. Plaintiff is without an adequate remedy at law and is entitled to temporary, preliminary, and permanent injunctive relief.

**COUNT III**
**GEORGIA UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(O.C.G.A. § 10-1-370 *et seq.*)**

78.    Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

79.    Defendant has engaged in unfair trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, by:

a) Causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services;

b) Causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendant with Plaintiff;

c) Engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding among the consuming public and trade.

80.   Defendant's unlawful conduct has caused, is causing and is likely to cause substantial injury to the purchasing public and trade and to Plaintiff, was conducted in trade and commerce, and has the potential for repetition.

81.   Defendant's unlawful conduct has irreparably damaged Plaintiff and will continue to damage Plaintiff unless restrained by this Court.  Plaintiff is without an adequate remedy at law.  Pursuant to O.C.G.A. § 10-1-373(a), Plaintiff is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendant from using, advertising, marketing, offering and selling café, restaurant, and bakery goods and services under the infringing SWEET TALK BAKERY & CAFE mark and/or name.

82.   Defendant's unlawful conduct has proximately caused Plaintiff to suffer damages, and Plaintiff is entitled to recover costs and reasonable attorneys' fees, and damages to the extent permitted by law, pursuant to O.C.G.A. § 10-1-373.

## COUNT IV
## USE OF SIMILAR TRADEMARKS, UNFAIR COMPETITION
### (O.C.G.A. § 23-2-55)

83.   Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

84.   Defendant's conduct was done with the intent to deceive or mislead

the consuming public and trade, and with full knowledge of Plaintiff's SWEET HUT BAKERY & CAFE Marks.

85.     By the acts described herein, Defendant has engaged in unfair competition in violation of O.C.G.A. § 23-2-55.

86.     Defendant's conduct has greatly and irreparably damaged Plaintiff and will continue to do so unless restrained by this Court.  Plaintiff is without an adequate remedy at law and thus is entitled to, among other things, an order temporarily and permanently enjoining and restraining Defendant from advertising, marketing, offering and selling café, restaurant, and bakery goods and services under the infringing SWEET TALK BAKERY & CAFE mark and/or name, and for all of its damages in an amount to be proved at trial.

## COUNT V
## COMMON LAW TRADEMARK AND TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

87.     Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

88.     As set forth above, Plaintiff's SWEET HUT BAKERY & CAFE Marks are inherently distinctive and have developed strong marketplace recognition among relevant consumers.

89.     As set forth above, Plaintiff's Trade Dress is inherently distinctive, and has acquired secondary meaning in the relevant marketplace among the consuming public.    Further, Plaintiff's Trade Dress is non-functional. Accordingly, Plaintiff's Trade Dress constitutes protectable trade dress.

90.     Defendant's use of the substantially and confusingly similar SWEET TALK BAKERY & CAFE marks and trade dress is likely to cause confusion, to cause mistake, or to deceive among purchasers as to the origin or sponsorship of Defendant's goods and services.

91.     Defendant's unlawful activities constitute trademark and trade dress infringement and unfair competition as proscribed by common law, and unjustly divert from Plaintiff to Defendant the benefits arising from the SWEET HUT BAKERY & CAFE Marks.

92.     Defendant's continuing actions of common law trademark and trade dress infringement and unfair competition are causing and are likely to cause substantial and irreparable injury to Plaintiff, and have damaged and are likely to damage Plaintiff's sales, profits, goodwill and reputation.  Plaintiff is entitled to an award of all of its damages in an amount to be proved at trial.

93.    As a direct and proximate result of the foregoing, Plaintiff has been and is likely to continue to be irreparably damaged unless Defendant is enjoined by this Court, as there is no adequate remedy at law.

### COUNT VI
### COMMON LAW UNJUST ENRICHMENT

94.    Plaintiff incorporates and realleges, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Complaint.

95.    Defendant has been, is being and will continue to be unjustly enriched through its unauthorized use of the infringing SWEET TALK BAKERY & CAFE marks in connection with café, restaurant, and bakery goods and services.

96.    As a result of Defendant's foregoing unlawful actions, Defendant has retained revenues to which it was not equitably or legally entitled, and was thereby unjustly enriched at Plaintiff's expense, in violation of the common law of Georgia.

97.    As a direct and proximate result of the foregoing, Plaintiff has suffered and is entitled to an award of damages in an amount to be determined at trial to prevent Defendant from being unjustly enriched.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1.     For a judgment in favor of Plaintiff and against Defendant finding that:

       a.    Defendant has engaged in trademark infringement in violation of 15 U.S.C. § 1114;

       b.    Defendant has engaged in unfair competition in violation of 15 U.S.C. § 1125(a);

       c.    Defendant has engaged in trade dress infringement in violation of 15 U.S.C. § 1125(a);

       d.    Defendant has engaged in conduct violating the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372;

       e.    Defendant has engaged in conduct violating the Georgia Statute prohibiting Use of Similar Trademarks and Unfair Competition, O.C.G.A. § 23-2-55;

       f.    Defendant has engaged in trademark infringement and unfair competition violating the common law of Georgia; and

       g.    Defendant has been unjustly enriched.

2.     For temporary, preliminary and permanent injunctions enjoining Defendant, its successors or assigns, and its officers, directors, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries

and related entities, and all others acting in concert or participation with Defendant, from doing any of the following:

      a.    Making any use of the SWEET TALK BAKERY & CAFE marks and/or name or making any use of any other marks or names confusingly similar to Plaintiff's SWEET HUT BAKERY & CAFE Marks;

      b.    Infringing Plaintiff's SWEET HUT BAKERY & CAFE Marks;

      c.    Infringing Plaintiff's Trade Dress; and

      d.    Assisting, aiding, or abetting any person or entity from engaging in or performing any of the activities referred to in a. through c. above.

3.    For an order requiring Defendant to deliver for destruction or to show proof of destruction of any and all advertisements, publications, menus, restaurant materials, menu boards, exterior signage, interior décor, and other materials that depict, reference, or incorporate the SWEET TALK BAKERY & CAFE marks or any other marks or names confusingly similar to Plaintiff's SWEET HUT BAKERY & CAFE Marks, or Plaintiff's Trade Dress covered by this judgment;

4.    For an order requiring Defendant to expressly abandon its pending federal trademark applications, U.S. Serial Nos. 86177109 and 86177123.

5.    For a judgment in favor of Plaintiff and against Defendant, which awards Plaintiff:

    a.    Defendant's profits and all of Plaintiff's damages, together with Plaintiff's attorneys' fees, expenses of litigation and costs, to the full extent provided for by 15 U.S.C. § 1117;

    b.    Treble the amount of Defendant's profits and the damages suffered by Plaintiff pursuant to 15 U.S.C. § 1117;

    c.    All damages sustained by Plaintiff from, *inter alia*, Defendant's trademark infringement, trade dress infringement, unfair competition, false designation of origin, false description, deceptive trade practices, and unjust enrichment, in an amount to be proved at trial;

    d.    Any other actual and compensatory damages in an amount not presently known but to be proved at trial;

    e.    Plaintiff's attorneys' fees, expenses of litigation and costs;

6.    For an order requiring Defendant to account to Plaintiff for Defendant's profits resulting from the foregoing acts.

7.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted, this 23rd day of July, 2014.

/s/ Preston H. Heard
Kirk W. Watkins
Georgia Bar No. 740550
Marcy L. Sperry
Georgia Bar No. 455561
Preston H. Heard
Georgia Bar No. 476319
WOMBLE CARLYLE SANDRIDGE & RICE LLP
 271 17th Street NW, Suite 2400
Atlanta, Georgia 30363
Telephone:  (404) 872-7000
Fax:  (404) 888-7490

*Attorneys for Plaintiff*

WCSR 32798936v4