IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EWE GROUP, INC., doing business as Sweet Hut Bakery & Cafe, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 1:14-cv-2377-TCB |
| THE BREAD STORE, LLC, doing business as Sweet Talk Bakery & Cafe, | ) ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER**

Plaintiff, Ewe Group, Inc., d/b/a Sweet Hut Bakery & Cafe ("Plaintiff"), files this its Motion for A Temporary Restraining Order with the Court seeking immediate relief against defendant, The Bread Store, LLC d/b/a Sweet Talk Bakery & Cafe ("Defendant"), and as support for this Motion, Plaintiff relies upon the pleadings filed in this case, the Memorandum in Support of its Motion, the Declarations filed in support of the Motion, all other documents and matters of record, and any evidence presented to the Court by either side in connection with this Motion (whether presented before or after its filing). Plaintiff requests a hearing before the Court at the earliest practicable time.

Plaintiff prays that the Court grant the temporary restraining order for the reasons set forth in the attached memorandum, and find:

First, that Plaintiff is likely to prevail at a trial on the merits of its claim, as it has met its burden of showing the prevalence of the following factors in connection with a determination of likelihood of confusion:

> (1) the strength of the plaintiff's mark;
>
> (2) the similarity between the plaintiff's mark and the allegedly infringing mark;
>
> (3) the similarity between the products and services offered by the plaintiff and defendant;
>
> (4) the similarity of the sales methods, i.e., retail outlets or customers;
>
> (5) the similarity of advertising methods;
>
> (6) the defendant's intent to gain competitive advantage by associating its product with plaintiff's established mark;
>
> (7) proof of actual confusion;
>
> (8) geographical proximity; and
>
> (9) prior relationship of the parties.

Second, that Plaintiff is facing the likelihood of immediate and irreparable harm as a result of Defendant's actions about which Plaintiff complains;

Third, that Defendant will suffer less harm by ceasing its use of trademarks that infringe Plaintiff's trademark rights than Plaintiff will suffer in the absence of an injunction; and

Fourth, that the interest of the public favors the granting of the requested relief.

Plaintiff prays that the Court enter the following relief in favor of Plaintiff and against Defendant:

(1)  Enjoin and restrain Defendant along with all affiliated individuals and entities and anyone acting in concert with Defendant from using the name SWEET TALK BAKERY & CAFE or SWEET TALK BAKERY & CAFE & Design or any name confusingly similar to SWEET HUT BAKERY & CAFE in promoting, marketing, selling, or identifying the company, its location or products, until further order of this Court, including any verbal communications or signs or printed materials on-site or off and any electronic postings on the Internet whether on a website, review site, or social media page (such as Facebook);

(2)  That, for purposes of the Order and until such time as a permanent injunction on this issue is addressed at trial, that confusingly similar names shall include any name that contains the word "Sweet" or the word "Hut" or any other

term or terms that might be reasonably confused by customers, vendors, those in the trade, or the public with the trademark SWEET HUT BAKERY & CAFE;

(3)     That Plaintiff be required to make a cash deposit into the registry of the Court as bond in a reasonable amount or to otherwise provide a bond agreeable to the Court in that amount before the expiration of ten (10) days to keep the injunction in place;

(4)     That the injunction shall take effect within 24 hours of entry of this Order and continue in effect until further Order of this Court or for ten (10) days should Plaintiff fail to make the required cash payment into the Registry of the Court or post bond as specified by the Court in accordance with paragraph 3 above within ten days of the entry of this Order;

(5)     That Defendant be required to file a notice with this Court within five days of entry of this Order informing the Court of its compliance with the Order and, if full compliance has been achieved, further informing the Court as to why Defendant should not be held in contempt;

(6)     That any violation of the Court's Order subject the violator to a finding of contempt; and

(7) That all issues relating to enjoining infringement of the trade dress of Plaintiff shall be reserved until the time of trial, unless a motion for a preliminary injunction is brought prior to that time.

Respectfully submitted, this 5th day of August, 2014.

/s/ Preston H. Heard
Preston H. Heard
Georgia Bar No. 476319
Marcy L. Sperry
Georgia Bar No. 455561
Kirk W. Watkins
Georgia Bar No. 740550
WOMBLE CARLYLE SANDRIDGE & RICE LLP
271 17th Street NW, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Fax: (404) 888-7490

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2014, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER** to be served on counsel of record for Defendant The Bread Company, LLC, d/b/a Sweet Talk Bakery & Cafe by the Court's ECF system.

This 5th day of August, 2014.

/s/ Preston H. Heard
Preston H. Heard
Georgia Bar No. 476319