**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| EWE GROUP, INC., doing business as Sweet Hut Bakery & Cafe, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.: |
| v. | ) ) | 1:14-cv-2377-TCB |
| THE BREAD STORE, LLC, doing business as Sweet Talk Bakery & Cafe, | ) ) ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

# TABLE OF CONTENTS

I.  INTRODUCTION AND SUMMARY OF THE ARGUMENT ......................1

II.  STATEMENT OF FACTS ........................................................2

    A.  Sweet Hut Bakery & Cafe's Valuable Marks and Goodwill .......................2

    B.  Sweet Talk Bakery & Cafe's Infringing Activities......................................4

    C.  Sweet Talk Bakery & Cafe's Intentional Copying ......................................6

    D.  Sweet Hut Bakery & Cafe's Injury and the Public's Confusion .................7

III.  ARGUMENT......................................................................10

    A.  The Standard For Issuing A TRO And Preliminary Injunction. .................10

    B.  Sweet Hut Is Substantially Likely To Succeed On The Merits. .................12

        1.  The SWEET HUT BAKERY & CAFE Marks Are Strong. ....................13

        2.  The Marks are Substantially Similar......................................................15

        3.  The Goods and Services Identified with the Marks are Closely Similar.17

        4.  The Sales Methods Used by Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe are Closely Similar. ................................................................18

        5.  The Advertising Methods Used by Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe are Closely Similar.......................................................18

        6.  Sweet Talk Bakery & Cafe's Bad Faith and Intent to Gain a Competitive Advantage. ................................................................................................19

        7.  The Presence of Extensive and Ongoing Actual Confusion....................19

        8.  The Parties' History and Close Geographical Proximity.........................20

    C.  Sweet Hut Is Suffering And Will Continue To Suffer Irreparable Harm In The Absence Of An Injunction. ........................................................................21

    D.  The Balance Of The Harms Weighs In Sweet Hut's Favor.........................21

    E.  The Public Interest Will Be Served If An Injunction Is Granted................22

IV.  THE COMPELLING BASIS FOR INJUNCTIVE RELIEF .........................23

Plaintiff Ewe Group, Inc. ("Sweet Hut Bakery & Cafe") hereby submits this legal memorandum in support of its Motion for a Temporary Restraining Order against Defendant The Bread Store, LLC ("Sweet Talk Bakery & Cafe"), pursuant to Federal Rule of Civil Procedure 65 and Civil Local Rules 7.1 and 65.1.

## I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT

This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051 *et seq.*, specifically §§ 32(l) and 43(a)*,* and Georgia state and common law claims. Sweet Hut Bakery & Cafe seeks a TRO against Sweet Talk Bakery & Cafe.

Sweet Talk Bakery & Cafe has, without authority and with deliberate intent, implemented a systematic, comprehensive scheme to misappropriate the essence of Sweet Hut Bakery & Cafe's trademarks and the significant goodwill that those marks symbolize through use of the confusingly similar marks SWEET TALK BAKERY & CAFE and SWEET TALK BAKERY & CAFE & Design in the immediate trading area of Sweet Hut Bakery & Cafe and in connection with virtually identical goods and services as those provided by Sweet Hut Bakery & Cafe.[1] Sweet Talk Bakery & Cafe copied substantial aspects of Sweet Hut Bakery

---

[1] Sweet Talk Bakery & Cafe is also infringing Sweet Hut Bakery & Cafe's protectable trade dress by copying numerous unique and source-identifying design elements of Sweet Hut Bakery & Cafe, such that the "look and feel" of Sweet Talk Bakery & Cafe is confusingly similar to Sweet Hut Bakery & Cafe's restaurant.

& Cafe's business, including its name, marks, type of goods and services, restaurant design, menu – down to even the packaging for its baked goods, making only minor tweaks.

Sweet Talk Bakery & Cafe's conduct is causing and will continue to cause Sweet Hut Bakery & Cafe immediate and irreparable harm and incalculable loss to its goodwill and reputation.

## II.  STATEMENT OF FACTS

### A.  Sweet Hut Bakery & Cafe's Valuable Marks and Goodwill

Sweet Hut Bakery & Cafe opened its first restaurant in April 2012, and soon became well known in Atlanta and the surrounding areas for offering unique and high quality Asian delicacies, desserts, bakery and baked goods, and teas, among other dishes and drinks. (Compl. [Dkt. 1] ¶ 9; *Declaration of Seong Tat Ewe*, Ex. A ¶ 2.)  Sweet Hut Bakery & Cafe specializes in Taiwanese baked goods and offers goods and services in a modern, unique, and distinctive setting.  *Id.*

---

This motion, however, is not based on Sweet Hut Bakery & Cafe's trade dress infringement claims, but rests on trademark infringement.  The copying of Sweet Hut Bakery & Cafe's trade dress, however, evidences bad faith in misappropriating the trademarks, an element of the likelihood of confusion analysis.  Sweet Hut Bakery & Cafe reserves the right to pursue preliminary injunctive relief on its trade dress claims.

Sweet Hut Bakery & Cafe enjoys resounding success, including recognition by the City of Doraville as a model business. (Compl. ¶ 10; Ex. A ¶ 3.) Due to this success, Sweet Hut Bakery & Cafe plans to open additional restaurant locations. *Id.* The second location will open in Midtown Atlanta in September 2014. *Id.* The third location is set to open in Duluth at 2180 Pleasant Hill Road, Suite A18, Duluth, Georgia 30091, in December 2014. *Id.* As will be shown, the prospects of the Duluth location are severely and negatively impacted by Sweet Talk Bakery & Cafe's wrongful and continuing actions. *Id.*

Since April 8, 2012, Sweet Hut Bakery & Cafe has been using the marks SWEET HUT®, SWEET HUT BAKERY & CAFE, and SWEET HUT BAKERY & CAFE & Design (collectively referred to as the "Marks") in connection with café, restaurant, and bakery services, as well as with bakery goods. (Compl. ¶ 11; Ex. A ¶ 4.) Therefore, Sweet Hut Bakery & Cafe owns common law rights in the Marks for use in connection with café, restaurant, and bakery goods and services. *Id.* Furthermore, Sweet Hut Bakery & Cafe owns U.S. Trademark Registration No. 4,382,937 for the mark SWEET HUT® in connection with "Bakery products, namely, sweet bakery goods." (Compl. ¶ 12; Compl. Ex. A.) The Registration issued on August 13, 2013, based on an initial use date of April 8, 2012. *Id.* The Registration is valid and subsisting. *Id.*

Sweet Hut Bakery & Cafe also established distinctive and protectable trade dress in restaurant design elements which serve a source-identifying function. (Compl. ¶ 14; Ex. A ¶ 6.) Sweet Hut Bakery & Cafe's trade dress consists of the restaurant's layout and floor plan, décor and related attributes, including faux dark wood ceramic floor tiles adjacent to white tile flooring, white wavy tiled walls behind booths and behind the counter, pink booths separated by a hanging divider, pendant lighting hanging over the booths and adjacent to the divider, a ceiling with a fanciful arc design, unique color schemes, as well as a unique menu graphically displayed on staged LCD menu boards above the counter in front of a white wavy tiled wall, and unique packaging and promotional items. *Id.* The features are inherently distinctive, unique, and non-functional. *Id.*

For over two years, Sweet Hut Bakery & Cafe has invested a substantial amount of time and money – approximately $2,000 per month – in advertising and promoting its products and services under its Marks. (Compl. 16; Ex. A ¶ 7.) The Marks developed widespread acceptance and substantial goodwill as a result of Sweet Hut Bakery & Cafe's longstanding use and promotional efforts. *Id.*

### B. Sweet Talk Bakery & Cafe's Infringing Activities

Sweet Talk Bakery & Cafe is infringing the Marks by advertising, marketing, offering and selling café, restaurant, and bakery goods and services

using the confusingly similar marks SWEET TALK BAKERY & CAFE and SWEET TALK BAKERY & CAFE & Design marks (the "Infringing Marks").

Sweet Talk Bakery & Cafe's incorporation of many of the same, and in some cases identical, source identifying elements in its Sweet Talk Bakery & Cafe restaurant, including the use of faux dark wood ceramic floor tiles adjacent to white tile flooring, white wavy tiled walls behind booths and behind the counter, pink booths separated by a hanging divider, pendant lighting hanging over the booths and adjacent to the divider, a ceiling with the same fanciful arc design, the same color schemes, a menu that is copied from Sweet Hut Bakery & Cafe's menu, as well as the placement of LCD menu boards above the counter and in front of white wavy tiled wall, and virtually identical cake packaging evidences Sweet Talk Bakery & Cafe's intent to appropriate Sweet Hut Bakery & Cafe's Marks and distinctive features for its own gain. (Ex. A ¶ 14, Ex. 1; *see also* Compl. Ex. C.)

Sweet Talk Bakery & Cafe advertises, offers, and sells café, restaurant, and bakery goods and services under the Infringing Marks using the described features copied from Sweet Hut Bakery & Cafe through various social media sites and related communications with customers, and directly through its Sweet Talk Bakery & Cafe restaurant. (Compl. ¶ 24; Compl. Ex. D.)

These uses are without Sweet Hut Bakery & Cafe's authorization and infringe Sweet Hut Bakery & Cafe's Marks. (Ex. A ¶ 15.) Sweet Hut Bakery & Cafe has prior and superior rights in the Marks over Sweet Talk Bakery & Cafe. Sweet Talk Bakery & Cafe filed two federal trademark applications in 2014, which Sweet Hut Bakery & Cafe is opposing.[2]

## C. Sweet Talk Bakery & Cafe's Intentional Copying

Dino Chow is an owner of the Sweet Talk Bakery & Cafe restaurant. (Compl. ¶ 30; Answer [Dkt. 8] ¶ 30.) In May 2013, Mr. Chow applied for an employee position at Sweet Hut Bakery & Cafe. (Compl. ¶ 31; Answer ¶ 31.) After training for two days, Mr. Chow informed Sweet Hut Bakery & Cafe that he was no longer interested in the position. (*Declaration of Zhiwei Ewe*, Ex. B ¶ 8; Answer ¶ 31.) During training, Mr. Chow enjoyed full access to Sweet Hut Bakery & Cafe's restaurant design, menu, recipes, packaging, and other elements. (Ex. B ¶ 9; Answer ¶ 32.) In March 2014, Sweet Hut Bakery & Cafe learned that Sweet Talk Bakery & Cafe purchased similar or identical bakery equipment from the

[2] Serial Nos. 86177109 and 86177123, for the marks SWEET TALK BAKERY & CAFE and SWEET TALK BAKERY & CAFE & Design in connection with "Restaurant services, including sit-down service of food and take-out restaurant services" in International Class 43. (Compl. ¶ 27; Compl. Ex. E.) Sweet Hut Bakery & Cafe has obtained extensions of time to file oppositions against Sweet Talk Bakery & Cafe's applications. (Compl. ¶ 28.)

Taiwanese company that supplied Sweet Hut Bakery & Cafe, Supermax Equipment Industry Corporation. (Ex. A ¶ 11.)

In April 2014, Sweet Talk Bakery & Cafe's contractor, Debao Construction, visited the Sweet Hut Bakery & Cafe restaurant and measured bakery cabinets and other elements, which were then duplicated at the Sweet Talk Bakery & Cafe. (Ex. A ¶ 12; Answer ¶ 35.) Soon thereafter, on June 4, Mr. Chow visited the Sweet Hut Bakery & Cafe's new Midtown Atlanta restaurant, which was not yet open to the public. (Ex. A ¶ 13; Answer ¶ 36.) He asked Sweet Hut Bakery & Cafe's contractor representative numerous questions about the restaurant design. *Id.*

Sweet Talk Bakery & Cafe's activities exhibit a systematic scheme specifically directed to the willful and blatant copying of Sweet Hut Bakery & Cafe's Marks and unique features in a purposeful effort to profit from the goodwill and reputation Sweet Hut Bakery & Cafe established in its Marks.

### D. Sweet Hut Bakery & Cafe's Injury and the Public's Confusion

Sweet Talk Bakery & Cafe's restaurant opened to the public on July 11, 2014, using the Infringing Marks. (Compl. ¶ 39; Answer ¶ 39.) Since the opening of Sweet Talk Bakery & Cafe's restaurant, Sweet Hut Bakery & Cafe has received numerous inquiries from consumers asking whether the Sweet Hut Bakery & Cafe restaurant is affiliated with the Sweet Talk Bakery & Cafe restaurant. Other

consumers have mistakenly confused the two restaurants. Such inquiries and incidents occurred on a daily basis and are direct evidence of actual confusion by the public. Non-exhaustive examples include:

- July 11, 2014 – Sweet Hut Bakery & Cafe received a call from a customer asking for the telephone number of Sweet Hut Bakery & Cafe's "new Sweet Talk store" in Duluth. (*Declaration of Terrence Pich*, Ex. C, ¶ 3.)

- July 11-18, 2014 – Tammy Cheong, a Sweet Hut Bakery & Cafe employee, fielded or witnessed two to three customer inquiries each day regarding whether Sweet Hut Bakery & Cafe was affiliated with Sweet Talk Bakery & Cafe. (*Declaration of Tammy Cheong*, Ex. D, ¶ 5.)

- Week of July 14, 2014 – A potential job applicant asked a current Sweet Hut Bakery & Cafe employee, "Aren't you working for Sweet Talk?" and, when told no, remarked that he thought the two restaurants were the same. (*Declaration of Phu Nguyen*, Ex. E, ¶ 3.)

- July 19, 2014 – A customer came to Sweet Hut Bakery & Cafe to pick up a cake that was ordered from Sweet Talk Bakery & Cafe. (*Declaration of Thai Bui*, Ex. F, ¶ 3.)

- July 19, 2014 – A friend asked a Sweet Hut Bakery & Cafe employee in a text message if Sweet Talk Bakery & Cafe was owned by Sweet Hut Bakery & Cafe. (*Declaration of Giang Nguyen*, Ex. G, ¶¶ 2-3.)

- Week of July 21, 2014 – A Sweet Hut Bakery & Cafe employee's girlfriend and her family asked about "the new Sweet Hut restaurant that had opened in the Pleasant Hill area," mistakenly referring to Sweet Talk Bakery & Cafe. (Ex. F, ¶ 4.)

- July 23, 2014 – A customer asked a Sweet Hut Bakery & Cafe employee: "Is Sweet Talk your copycat? Their interior design is very similar to yours." The employee responded, "Yes, their design is really similar." (Ex. C, ¶ 4.)

- July 31, 2014 – Sweet Hut Bakery & Cafe's two CPAs separately asked one of Sweet Hut Bakery & Cafe's owners why it was using "Sweet Talk" for its Duluth location and why she did not inform them. (*Declaration of Cindy Liang*, Ex. H, ¶¶ 3-4; *Declaration of Yam Fong Wong*, Ex. I, ¶¶ 3-4.)

- August 3, 2014 – A customer asked owner Yam Fong Wong if Sweet Talk Bakery & Cafe was her store. (Ex. I, ¶ 5.)
- Before the opening of Sweet Talk Bakery & Cafe's restaurant, Sweet Hut Bakery & Cafe received inquiries from consumers asking when its Duluth location was opening. This confusion led to Sweet Hut Bakery & Cafe erecting a sign at its planned location soon after Sweet Talk Bakery & Cafe opened. (Ex. I, ¶ 6.)
- Consumers have noted the striking similarity of Sweet Talk Bakery & Cafe's restaurant to Sweet Hut Bakery & Cafe's restaurant. Restaurant reviews show consumers' impressions: "After that, we noticed that Sweet Talk looks really like Sweet Hut; from the roof to the floor! Their buns look exactly like the buns at Sweet Hut, and my DRINK too (Sweet Hut Milk Tea vs. Sweet Talk Milk Tea). Wow, what a copycat!" and "A new bubble tea place in Satellite that is pretty much a replica of Sweet Hut on Buford Hwy." (Compl. ¶ 45; Compl. Ex. F.)

Sweet Talk Bakery & Cafe's reviews have been largely negative. This negative criticism has the likely impact of tarnishing Sweet Hut Bakery & Cafe's goodwill and reputation in its Marks, due to the likely and actual confusion among the relevant consuming public.

Sweet Hut Bakery & Cafe acted diligently to enforce its trademark rights by sending Sweet Talk Bakery & Cafe a notification letter of Sweet Hut Bakery & Cafe's rights in the Marks and trade dress and requesting that Sweet Talk Bakery & Cafe stop using the Infringing Marks and trade dress. Sweet Hut Bakery & Cafe has refused to discontinue its use of the Infringing Marks and trade dress. Sweet Talk Bakery & Cafe's Infringing Marks are substantially similar in overall appearance, sound, and commercial impression to Sweet Hut Bakery & Cafe's

Marks, giving rise to a likelihood of consumer confusion as to the affiliation, connection, or association of Sweet Talk Bakery & Cafe with Sweet Hut Bakery & Cafe.

## III. ARGUMENT

Nothing short of an immediate injunction halting and banning use of a confusingly similar name by Sweet Talk Bakery & Cafe can stem the ongoing irreparable harm to the goodwill, reputation, and business of Sweet Hut Bakery & Cafe. Sweet Talk Bakery & Cafe is profiting every day from public confusion.

The relief sought is minimally disruptive, as Sweet Talk Bakery & Cafe does not even have printed menus or other major investment in the name misappropriated from Sweet Hut Bakery & Cafe, other than a single, easily replaced billboard. Granting an immediate and simple injunction would maintain the status quo until discovery, when further evidence will establish the extent of the trade dress misappropriation and will allow for the fashioning of an appropriate and more comprehensive remedy to protect Sweet Hut Bakery & Cafe with the least intrusion and expense to Sweet Talk Bakery & Cafe.

### A. The Standard For Issuing A TRO And Preliminary Injunction.

A district court has broad discretion to grant injunctive relief. *Cunningham v. Adams*, 808 F.2d 815, 819 (11th Cir. 1987). To obtain temporary or preliminary

injunctive relief,[3] Sweet Hut Bakery & Cafe must demonstrate (1) a substantial likelihood of success on the merits; (2) irreparable harm in the absence of an injunction; (3) the harm suffered by it in the absence of an injunction would exceed the harm suffered by Sweet Talk Bakery & Cafe if the injunction issued; and (4) an injunction would not disserve the public interest. *Osmose, Inc. v. Viance, LLC,* 612 F.3d 1298, 1307 (11th Cir. 2010). Courts in the Eleventh Circuit view likelihood of success on the merits to be the most important of the four factors. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). Although a preliminary injunction "is a drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to all four elements," *Davidoff & CIE, S.A. PLD Int'l Corp.*, 263 F.3d 1297, 1300 (11th Cir. 2001) (internal citation omitted), "trademark actions 'are common venues for the issuance of preliminary injunctions.'" *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998) (quoting *Foxworthy v. Custom Trees, Inc.*, 879 F. Supp. 1200, 1219 (N.D. Ga. 1995)). In addition, the Lanham Act supports the granting of injunctive relief to prevent violation of Sweet Hut Bakery & Cafe's rights. 15 U.S.C. § 1116(a).

---

[3] The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See, e.g., Alexis v. Mortgage Elec. Registration Systems, Inc.*, 2012 WL 716161, at *4 (N.D. Ga. Mar. 5, 2012); *Morgan Stanley DW, Inc. v. Frisby*, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001) ("The [preliminary injunction] standard applies to a request for a [TRO].") (citation omitted).

**B.      Sweet Hut Is Substantially Likely To Succeed On The Merits.**

Sweet Hut Bakery & Cafe is likely to succeed on its claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a). To establish a prima facie case in an ordinary trademark infringement suit, a plaintiff need only demonstrate "(1) that it has trademark rights in the mark or name at issue … and (2) that the defendant adopted a mark or name that was the same, or confusingly similar to the plaintiff's mark, such that there was a likelihood of confusion for consumers as to the proper origin of the goods [or services] created by the defendant's use of the … name …." *Ferrellgas Partners, L.P. v. Barrow*, 143 Fed. App'x. 180, 186 (11th Cir. 2005) (quoting *Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir. 1984)). The evidence here goes far beyond establishing a likelihood of confusion in the future, providing overwhelming evidence of actual confusion in less than a month since the opening of Sweet Talk Bakery & Cafe's restaurant.

Sweet Hut Bakery & Cafe obtained and owns U.S. Trademark Registration for SWEET HUT®. (Compl. ¶ 12; Compl. Ex. A.) Sweet Hut Bakery & Cafe has established substantial common law rights in the SWEET HUT BAKERY & CAFE Marks. (Compl. ¶ 11; Ex. A ¶¶ 4,7.)

Sweet Hut Bakery & Cafe must also establish that there is a likelihood of confusion between the marks. In determining whether there is a likelihood of confusion, the Court considers the following non-exclusive list of factors:

> (1) the strength of the plaintiff's mark; (2) the similarity between the plaintiff's mark and the allegedly infringing mark; (3) the similarity between the products and services offered by the plaintiff and defendant; (4) the similarity of the sales methods, i.e., retail outlets or customers; (5) the similarity of advertising methods; (6) the defendant's intent, e.g., does the defendant hope to gain competitive advantage by associating his product with plaintiff's established mark; and (7) the most persuasive factor on likely confusion is proof of actual confusion.

*Conagra*, 743 F.2d at 1514. "Of these, the type of mark and the evidence of actual confusion are the most important." *Frehling Enter., Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330 (11th Cir. 1999). Important to this case, the Eleventh Circuit has identified other factors to consider where appropriate, including prior affiliation between the parties, *see Prof'l Golfers Ass'n v. Bankers Life & Cas. Co.*, 514 F.2d 665, 670 (5th Cir. 1975), and the geographic proximity between the parties, *see Tana v. Dantanna's*, 611 F.3d 767, 780-81 (11th Cir. 2010).

### 1. The SWEET HUT BAKERY & CAFE Marks Are Strong.

The Eleventh Circuit in *Tana*, 611 F.3d at 774 (citation omitted) recognized four categories of distinctiveness:

> (1) generic – marks that suggest the basic nature of the product or service; (2) descriptive – marks that identify the characteristic or

quality of a product or service; (3) suggestive – marks that suggest characteristics in order to be understood as descriptive; and (4) arbitrary or fanciful – marks that bear no relationship to the product or service, and the strongest category of trademarks.

As mentioned above, Sweet Hut Bakery & Cafe owns U.S. Trademark Registration for the mark SWEET HUT® in connection with "Bakery products, namely, sweet bakery goods." (Compl. ¶ 12; Compl. Ex. A.) The Registration issued on August 13, 2013 based on a use date of April 8, 2012, and it creates a rebuttable presumption that the mark is inherently distinctive. *See, e.g., GTE Corp. v. Williams*, 904 F.2d 536, 538 (10th Cir. 1990). Further, Sweet Hut Bakery & Cafe's common law rights for SWEET HUT BAKERY & CAFE, and SWEET HUT BAKERY & CAFE & Design date from April 8, 2012. (Compl. ¶ 11; Ex. A ¶ 4.) Of no consequence to this case is the disclaimer of the word "SWEET" as being "descriptive of bakery goods." *See Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 362-63, *opinion modified on reh'g*, 122 F.3d 1379 (11th Cir. 1997). The strength of marks is viewed as a whole, and when viewed together all of the Marks are suggestive and entitled to protection here. *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002) (holding that "the disclaimed material still forms a part of the marks and cannot be ignored in determining likelihood of confusion.'") (citation omitted). In addition, Sweet Hut Bakery & Cafe's Marks have achieved substantial penetration and

recognition in the marketplace, underlining the strength of the Marks. (Ex. B ¶ 10*.*) Finally, Sweet Talk Bakery & Cafe's knowing and intentional adoption of the Infringing Marks is further evidence of the strength of the Marks. *CPG Prods. Corp. v. Pegasus Luggage, Inc.*, 776 F.2d 1007, 1012 (Fed. Cir. 1985) (applying Eleventh Circuit law and holding that "[e]vidence of intentional copying … supports a finding of secondary meaning."). This factor weighs significantly in favor of Sweet Hut Bakery & Cafe.

### 2. The Marks are Substantially Similar.

The Infringing Marks are substantially similar in overall appearance, sound, and commercial impression to Sweet Hut Bakery & Cafe's Marks. Sweet Talk Bakery & Cafe takes the position that the disclaimer of the word "Sweet" by Sweet Hut Bakery & Cafe in its original prosecution of the Marks is dispositive. In the baseless "Sham Litigation" counterclaim in its Counterclaim (D.I. 8 at 17-19), Sweet Talk Bakery & Cafe asserts that Sweet Hut Bakery & Cafe is seeking to block any bakery from using a trade name including the word "Sweet," and that aim is improper due to the disclaimer of the word "Sweet" in prosecution. This position is not legally or factually supported.

Factually, Sweet Hut Bakery & Cafe is not the only bakery, or even the only Asian bakery, in the metro Atlanta area with the word "Sweet" in the store name.

One example is Sweet Rice in Duluth, Georgia, which specializes in Korean baked goods. (Ex. B ¶ 8.) Sweet Rice's innocuous use of "Sweet" and Sweet Talk Bakery & Cafe's objectionable and infringing use of "Sweet" is readily apparent. Sweet Talk Bakery & Cafe combines an almost identical trade name, and trademark, with the unique design features and menu offerings of Sweet Hut Bakery & Cafe to create the impression that it is affiliated with or authorized by Sweet Hut Bakery & Cafe. (*See* Ex. B ¶ 8, Ex. 1.)

Legally, it is black-letter law that disclaimed material still forms a part of the marks and the marks must be considered in their entirety when evaluating likelihood of confusion. *See Lone Star*, 106 F.3d at 362-63; *see also Sally Beauty Co.,* 304 F.3d at 972; *Country Floors, Inc. v. Partnership Composed of Gepner and Ford*, 930 F.2d 1056, 1065 (3d Cir.1991) ("The descriptive portions of a mark can be disclaimed, although the entire composite mark, including the descriptive terms, is considered for purposes of infringement."); *Giant Food, Inc. v. Nation's Foodservice, Inc.*, 710 F.2d 1565, 1570 (Fed. Cir.1983) ("[I]t is well settled that the disclaimed material still forms a part of the mark and cannot be ignored in determining likelihood of confusion.").

|  |  |
|:---:|:---:|
| **SWEET HUT BAKERY & CAFE** | **SWEET TALK BAKERY & CAFE** |

Employing the correct standard and viewing the marks as a whole, the Infringing Marks are closely and confusingly similar to Sweet Hut Bakery & Cafe's Marks. Four of the five words (including "&") are identical. The difference in the fifth word is inconsequential – both "HUT" and "TALK" are one syllable, and when read or heard in combination with the marks as a whole, do not significantly distinguish the marks. Both convey a concept of people being together to share, especially in conjunction with "SWEET." The placement of the logo in the design marks is the same, as is the font sizing, with "SWEET HUT" and "SWEET TALK" emphasized and "BAKERY & CAFE" in smaller font below. This factor weighs heavily in favor of Sweet Hut Bakery & Cafe.

> **3. The Goods and Services Identified with the Marks are Closely Similar.**

Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe both offer, advertise, and sell a specific specialized niche of Asian bakery goods and services, including Taiwanese desserts, bakery and baked goods, and teas, among other

dishes and drinks. (Ex. B ¶ 6.) As detailed above and in the accompanying declarations, Sweet Talk Bakery & Cafe's menu is nearly identical to Sweet Hut Bakery & Cafe's menu. *Id.* Therefore, this factor weighs heavily in favor of Sweet Hut Bakery & Cafe.

### 4. The Sales Methods Used by Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe are Closely Similar.

Both Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe offer and sell their goods and services through retail sales outlets through point-of-service sales. The restaurants have display cases for baked goods, counters where customers place orders, and seating both inside and outside the restaurant. The sales methods used by the parties are nearly identical and this factor weighs heavily in favor of Sweet Hut Bakery & Cafe.

### 5. The Advertising Methods Used by Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe are Closely Similar.

Sweet Hut Bakery & Cafe and Sweet Talk Bakery & Cafe take the same approach to advertising, employing social media, including Facebook and Yelp.com, as a primary means of advertising. (Ex. B ¶ 10.) As shown by online reviews, both restaurants also rely heavily on word-of-mouth advertising, which highlights the importance that any actual or likelihood of confusion be eliminated to prevent the mistaken attribution of Sweet Hut Bakery & Cafe's goodwill or

reputation to Sweet Talk Bakery & Cafe. *Id.* Thus, this factor weighs in favor of Sweet Hut Bakery & Cafe.

### 6. Sweet Talk Bakery & Cafe's Bad Faith and Intent to Gain a Competitive Advantage.

If a defendant adopted a mark with the intention of deriving a gain or benefit from the plaintiff's business goodwill and business reputation, "***this fact alone may be enough to justify the inference that there is confusing similarity***." *Frehling*, 192 F.3d at 1340 (emphasis added); *see also International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1276 (11th Cir. 2006). Here, the overwhelming evidence confirms that Sweet Talk Bakery & Cafe purposefully adopted the Infringing Marks and features of Sweet Hut Bakery & Cafe en mass after in-store training, extensive investigation, measurement, and photography. A review and comparison of the photographs of the two stores and their menus are conclusive evidence of intent and tip the scale decidedly in Sweet Hut Bakery & Cafe's favor.

### 7. The Presence of Extensive and Ongoing Actual Confusion.

Under Eleventh Circuit law:

There can be no more positive or substantial proof of the likelihood of confusion than proof of actual confusion. Moreover, reason tells us that while very little proof of actual confusion would be necessary to prove the likelihood of confusion, an almost overwhelming amount of proof would be necessary to refute such proof.

*World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 489 (5th Cir. 1971) (footnote omitted). Sweet Hut Bakery & Cafe may be able to show some people have not been confused, but any such evidence is overwhelmed by the extensive evidence of actual confusion that has occurred on a daily basis over the period of just a few weeks. (*See generally* Exs. C–I.) The presented evidence is well beyond sufficient for finding actual confusion. *See, e.g., Jellibeans, Inc. v. Skating Clubs of Ga., Inc.*, 716 F.2d 833, 844 (11th Cir. 1983) (testimony of three witnesses sufficient to support a finding of actual confusion); *Conagra*, 743 F.2d at 1510 n.10 (affirming finding of likely confusion based on actual confusion among customers).

### 8. The Parties' History and Close Geographical Proximity.

Sweet Hut Bakery & Cafe has a history –brief but intense – with Sweet Talk Bakery & Cafe owner Dino Chow. Mr. Chow's conduct from the time he applied for a position at Sweet Hut Bakery & Cafe in May 2013 until the time Sweet Talk Bakery & Cafe opened for business in July 2014 evidences a systematic pattern to meticulously copy the unique, beneficial, and protected Marks and design aspects of Sweet Hut Bakery & Cafe for his own gain. (Ex. A ¶¶ 8-14.) Further, Sweet Hut Bakery & Cafe's Doraville restaurant is only 11 miles from Sweet Talk Bakery & Cafe, and both serve the same customer base. Sweet Hut Bakery &

Cafe's upcoming Duluth location is in the shopping center across the street from Sweet Talk Bakery & Cafe. The likelihood of confusion is especially acute where the infringement is occurring in Sweet Hut Bakery & Cafe's own backyard. Therefore, these additional factors weigh in favor of Sweet Hut Bakery & Cafe.

**C.     Sweet Hut Is Suffering And Will Continue To Suffer Irreparable Harm In The Absence Of An Injunction.**

Sweet Hut Bakery & Cafe will be irreparably harmed unless Sweet Talk Bakery & Cafe is enjoined from infringing the Marks.  Loss of control of reputation, loss of trade, loss of goodwill, and possibility of confusion are all grounds for finding irreparable harm, and all are present here. *See Ferrellgas Partners, L.P.*, 143 Fed. App'x. at 190 (citation omitted).  "When a plaintiff makes a prima facie showing of trademark infringement, irreparable harm is ordinarily presumed." *Foxworth v. Custom Trees, Inc.*, 879 F. Supp. 1200, 1219 (N.D. Ga. 1995).  Sweet Hut Bakery & Cafe has made such a showing, and it has further offered evidence that the actual and ongoing consumer confusion is currently causing a loss of reputation and goodwill.  (Ex. B ¶ 13.)

**D.     The Balance Of The Harms Weighs In Sweet Hut's Favor.**

Sweet Talk Bakery & Cafe will incur minimal harm if an injunction is granted, and any potential harm is wholly derived from its own conduct. *See, e.g. Specialty Chems. Servs., Inc. v. Chandler*, No. 1:87-cv-2338-MHS, 1988 WL

6185832 at *6  (N.D. Ga. Sep. 26, 1988) (holding that this factor favored plaintiff because "defendants are only restrained from violating the law" and "cannot suffer compensable harm when enjoined from unlawful activity").   If enjoined, Sweet Talk Bakery & Cafe would cease the use of its infringing name, which would only be a minor burden and one of its own making.  (Ex. B ¶¶ 14-16.)  Sweet Talk Bakery & Cafe does not have an established website, printed flyers or advertisement material, or menus; it has only one billboard and several signage components at its restaurant site, the removal of which would be simple.  *Id.* Conversely, the harm currently being suffered and that will continue to be suffered by Sweet Hut Bakery & Cafe is significant, continuing daily, and cannot be redressed by monetary damages. *See Specialty Chems.*, 1988 WL 6185832 at *6. Accordingly, the balance of hardships weighs heavily in Sweet Hut Bakery & Cafe's favor.

### E.     The Public Interest Will Be Served If An Injunction Is Granted.

The public has a defined interest in protecting trademark rights, and a particular interest in preventing confusion in the marketplace.  *See Farrellgas Partners, L.P.*, 143 Fed. App'x. at 191; *Scientific Applications, Inc. v. Energy Conservation Corp.*, 436 F. Supp. 354, 362 (N.D. Ga. 1977) (stating that "a purpose [of the Lanham Act] is to protect consumers from being misled or

confused as to the identity of goods and services and their respective providers or suppliers."). Sweet Talk Bakery & Cafe's unauthorized use of the Marks have already deceived and confused – and will continue to deceive and confuse – consumers into thinking that its goods and services are associated with or otherwise approved or sponsored by Sweet Hut Bakery & Cafe. Further, there is a substantial public interest in discouraging the temptation of intentionally copying and misappropriating a company's trademarks with intent to profit off of the company's goodwill and reputation. *Cf. Specialty Chems.*, 1988 WL 6185832 at *6. As a result, the public interest is best served by the grant of Sweet Hut Bakery & Cafe's request for temporary injunctive relief.

## IV.    <u>THE COMPELLING BASIS FOR INJUNCTIVE RELIEF</u>

Sweet Talk Bakery & Cafe's egregious conduct compels injunctive relief. Sweet Talk Bakery & Cafe admits (1) that it had access to the unique features of Sweet Hut Bakery & Cafe's restaurants, even presenting photographs in its Answer and Counterclaim of Sweet Hut Bakery & Cafe restaurants; (2) that the part owner of Sweet Talk Bakery & Cafe sought a job with Sweet Hut Bakery & Cafe only to abandon that pursuit after two days of viewing the restaurant; (3) that its contractor came to Sweet Hut Bakery & Cafe and took measurements while on the premises; and (4) that only one word in the mark of Sweet Hut Bakery & Cafe was changed.

Sweet Talk Bakery & Cafe portrays this conduct as so obviously permissible that it argues in its Counterclaim that Sweet Hut Bakery & Cafe's assertion of rights to its trademark and trade dress constitute "sham litigation." Merely comparing the menu Sweet Talk Bakery & Cafe copied from Sweet Hut Bakery & Cafe is sufficient to establish the appalling nature of conduct exhibited.

Sweet Talk Bakery & Cafe touts its unfettered right to make insignificant modifications to the Sweet Hut Bakery & Cafe restaurant concept for its own purposes without restraint, confusing the public and the trade for its own profit. In contrast, Sweet Hut Bakery & Cafe seeks with this motion to protect its most valuable trademarks from intentional and malicious misappropriation. A grant of the relief sought defuses much of the harm caused by Sweet Talk Bakery & Cafe's misconduct, while preserving the status quo until trade dress issues can be fleshed out and fully addressed with the least imposition on the business of Sweet Talk Bakery & Cafe.

Sweet Hut Bakery & Cafe has invested heavily in its trade name and is now suffering irreparably on a daily basis from the actual public confusion purposefully generated Sweet Talk Bakery & Cafe. Sweet Talk Bakery & Cafe's blithe assertion that it can misappropriate the name, marks, feel, and designs of Sweet Hut Bakery & Cafe without consequence misstates the law and ignores overriding

principles of equity mandating the issuance of an injunction in the extreme circumstances presented here.

Respectfully submitted, this 5th day of August, 2014.

/s/ Preston H. Heard
Preston H. Heard
Georgia Bar No. 476319
Marcy L. Sperry
Georgia Bar No. 455561
Kirk W. Watkins
Georgia Bar No. 740550
WOMBLE CARLYLE SANDRIDGE & RICE LLP
271 17th Street NW, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Fax: (404) 888-7490

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to Local Rule 7.1(B), the undersigned certifies that **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** was prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1(C).

This 5th day of August, 2014.

<div style="margin-left:45%">

/s/ Preston H. Heard
Preston H. Heard
Georgia Bar No. 476319
Marcy L. Sperry
Georgia Bar No. 455561
Kirk W. Watkins
Georgia Bar No. 740550
WOMBLE CARLYLE SANDRIDGE &
RICE LLP
271 17th Street NW, Suite 2400
Atlanta, Georgia 30363
Telephone: (404) 872-7000
Fax: (404) 888-7490

*Attorneys for Plaintiff*

</div>